UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARGARET UMBARGER, and<br>RICHARD UMBARGER,<br><br>      Plaintiffs,<br><br>      v.<br><br>STATE FARM MUTUAL AUTO-<br>MOBILE INSURANCE COMPANY,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)   No. 2:13 CV 363<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION and ORDER

On September 28, 2011, plaintiff Margaret Umbarger was involved in a car accident in St. Joseph County, Indiana, and sustained personal injuries. (DE # 1 at 1.) She was insured by defendant for underinsured motor vehicle coverage. (DE # 1 at 2.) On June 14, 2013, plaintiffs' counsel sent a letter to defendant, purportedly via fax and certified mail, claiming that, as of that date, Margaret had incurred medical expenses in the amount of $70,296.13. (DE # 5-4.) In the letter, plaintiffs' counsel also requested that defendant permit Margaret to accept $100,000 from the other driver's insurer. (*Id.*) Plaintiffs allege that defendant granted the request on June 20, 2013. (DE # 1 at 2.)

On June 28, 2013, plaintiffs filed a complaint against defendant in St. Joseph Superior Court. (DE # 1.) The complaint contained no demand for a specific dollar amount. Defendant claims that as part of the discovery process in state court, defendant served a request for admission ("RFA") on plaintiffs, requesting that plaintiffs admit that

the amount in controversy exceeded $75,000. Defendant further claims that plaintiffs failed to respond to its RFA, which under Indiana's trial rules constituted an admission of that fact.

On October 10, 2013, defendant removed the case to this district, citing 28 U.S.C. § 1332(a), which grants federal district courts original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. Plaintiffs have moved to remand the case back to state court, claiming that defendant's removal procedure was defective because: (1) defendant filed its notice of removal more than 30 days after receipt of a paper from which it may have been ascertained that the case was removable (specifically, the complaint, which was preceded by a letter detailing Margaret's medical expenses of approximately $70,000); and (2) defendant waived its ability to remove this case by participating in discovery and scheduling in state court.[1] (DE # 5.)

Plaintiffs' first argument is based upon 28 U.S.C. § 1446(b)(3), which states:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

However, plaintiffs' argument fails. The parties do not dispute that on June 14, 2013, plaintiffs communicated to defendant the fact that Margaret had incurred approximately

---

[1] Notably, plaintiffs do not claim that the amount in controversy is $75,000 or less, which (if true) would have divested the court of subject matter jurisdiction. Rather, plaintiffs' challenges are limited to alleged defects in defendant's removal process.

$70,000 in medical expenses. Further, the parties do not dispute that defendant's liability (if any) would be reduced by any money received by plaintiffs from other sources, and that on June 20, 2013, defendant approved plaintiffs' request to accept $100,000 from another insurer. Accordingly, by the time plaintiffs filed their complaint in state court on June 28, 2013, all parties were aware that Margaret had incurred approximately $70,000 in expenses but had received $100,000 in compensation, leaving her with a net gain of approximately $30,000.[2] Perhaps more expenses were forthcoming, but there is no indication that the amount of any such expenses were communicated to defendant, and no demand was made in the complaint. In short, when plaintiffs filed their lawsuit in state court, the amount plaintiffs sought to recover from defendant was quite uncertain. Because of this uncertainty, defendant could not – and did not – immediately remove the case to federal court. Accordingly, plaintiffs' argument that defendant should have removed within 30 days of receiving the complaint fails.[3]

In support of their second argument, plaintiffs cite *Fate v. Buckeye State Mut. Ins. Co.*, 174 F. Supp. 2d 876, 880-81 (N.D. Ind. 2001), arguing that by participating in discovery and scheduling in state court proceedings, defendant waived its right to remove the case to federal court. However, *Fate* suggests that waiver is appropriate when affirmative action

---

[2] According to internal business records submitted by defendant, defendant also paid plaintiffs $53,848.86 on July 18, 2013, after the lawsuit was filed. (DE # 6-1 at 1.)

[3] The court will not consider other possible challenges to the timeliness of defendant's removal, because such challenges must be raised by plaintiffs. *Matter of Cont'l Cas. Co.*, 29 F.3d 292, 295 (7th Cir. 1994) (non-jurisdictional objections to removal may be waived, and district judge should not consider such issues *sua sponte*, but rather should wait for the parties to reveal whether they want to continue in federal court).

or relief is sought in state court, such as the filing of a motion to dismiss or motion for a temporary restraining order. *Id.* Further, the defendant in *Fate* had litigated in state court for almost a year and knew of the likelihood of the case's removability from the outset. *Id.* None of these circumstances appear to be present in this case. There is no indication that defendant filed any dispositive motions or sought any other affirmative action or relief in state court, defendant removed within a few months of the state court complaint's filing, and, as this court has already discussed, the removability of this case was largely unknown when the case was filed. For all these reasons, plaintiffs' waiver argument fails.

For the foregoing reasons, plaintiffs' motion to remand (DE # 5) is **DENIED**.

**SO ORDERED.**

Date: January 22, 2014

         s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT